UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD E. CHLYSTEK,

    *Plaintiff*,

CASE NO. 11-CV-11928

*v.*

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

SHAUN DONOVAN,
*Secretary, United States Department of Housing and Urban Development*,

    *Defendant*.
                                    /

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**
(Doc. 16)

### I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment be **DENIED.**

### II.  REPORT

#### A.  Introduction

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general case management on May 5, 2011. (Doc. 2.) Plaintiff's one-count amended complaint alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Doc. 8.) Plaintiff worked for Defendant for fourteen years and he bases this lawsuit on Defendant's failure to promote him from his position as project manager to senior project manager in 2006. At the time, Plaintiff was 51 years

old. (Doc. 8 ¶ 12.) The candidate chosen to replace Plaintiff was a 28-year-old who had worked for Michigan State Housing Development Authority ("MSHDA") for two years and had also worked for Defendant for two years, but had never worked as a project manager.

On October 12, 2012, Defendant filed the instant motion for summary judgment (Doc. 16), Plaintiff responded (Doc. 18) and oral argument was held on October 30, 2012. Therefore, the motion is ready for resolution.

### B. Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is

[more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**C.     Analysis & Conclusions**

The parties agree that there is no direct evidence of discrimination and that no ageist remarks were made by Defendant. Where there is no direct evidence of discrimination, the plaintiff bears the initial burden of production under the *McDonnell Douglas* burden-shifting scheme, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), to show a prima facie case of discrimination. *Michael v. Caterpillar Finan. Servs. Corp.*, 496 F.3d 584, 593 (6th Cir. 2007). *See also Aldridge v. City of Memphis*, 404 F. App'x 29, 40 (6th Cir.

2010) (*McDonnell Douglas* framework still applicable to age discrimination claims even after *Gross v. FBL Finan. Servs., Inc.*, 577 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009)). If the plaintiff makes a prima facie case, the burden then shifts to the defendant to articulate a "legitimate, non-discriminatory reason" for the employment decision. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001). To meet this burden, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons" for its decision. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). "An articulation not admitted into evidence will not suffice. Thus, the defendant cannot meet its burden merely through an answer to the complaint or by argument of counsel." *Id.* at 256 n.9. Finally, if the defendant meets its burden of articulation, the burden shifts back to the plaintiff to show that the reason put forth by the defendant is pretextual, which can be done "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003) (citation and quotation omitted).

To demonstrate a prima facie case of age discrimination, the plaintiff must show that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by someone outside the protected class. *Geiger v. Tower Automotive*, 579 F.3d 614, 622 (6th Cir. 2009); *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

In the instant case, "Defendant acknowledges that Chlystek can establish a *prima facie* case." (Doc. 16 at 8.) Defendant then proffers several legitimate non-discriminatory reasons for not promoting Plaintiff: (1) his "history of being argumentative" and "inflexible and demanding"

4

such that the property owner of Kearsley Manor "wrote a Congressman requesting his intervention because he was not able to communicate effectively with [Plaintiff]"[1]; (2) although Plaintiff's "oral communication skills are sufficient[,] his "written communications do not always address the problems at hand, but may head in a tangential direction"[2]; (3) Plaintiff's "ability to solve problems and provide and suggest high quality solutions to problems are generally good, but not always at a level needed for the [Senior Project Manager] position"[3]; (4) Plaintiff was hard to work with sometimes because Plaintiff took the position that it is either "my way or the highway"[4]; and (5) Plaintiff's supervisor was "afraid that [she] would be arguing with [Plaintiff]" were he to be a senior project manager because Plaintiff would want to devote too much time to his properties and would focus on the rules set forth in the handbook rather than follow her directions.[5]

Assuming, *arguendo*, that these proffered reasons are sufficient to state a legitimate, non-discriminatory reason for not promoting Plaintiff, the burden shifts to Plaintiff to show that the reason put forth by Defendant is pretextual, which can be done "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Johnson, supra.*

Plaintiff proffers as evidence of pretext that: (1) Plaintiff's qualifications "were vastly superior to the individual selected" (Doc. 18 at 16-18); (2) Defendant had a "shifting rationale" for the decision (*id*. at 18-20); (3) Defendant's heavy reliance on the Kearsley Manor job was

---

[1] Doc. 16 at 9, Affidavit of Patricia Russie, Ex. 2 at 3.

[2] Doc. 16 at 10, Deposition of Laurie Coplin, Ex. 4 at 4.

[3] Doc. 16 at 10, Deposition of Laurie Coplin, Ex. 4 at 4.

[4] Doc. 16 at 11, Deposition of Silas Polk, Ex. 5 at 112-113.

[5] Doc. 16 at 12, Deposition of Patricia Russie, Ex. 5 at 279-80.

exaggerated and shows pretext (*id.* at 20-24); (4) "[a]nother candidate who was older was given similar nonspecific reasons for not receiving the promotion" (*id.* at 24-25); and (5) other witnesses state that Plaintiff is not argumentative (*id.* at 25-26).

As to qualifications, Plaintiff attached his resume to his response. It shows that Plaintiff had fourteen years of experience in the field, was at that time performing the same skills needed for the promotion, had worked as a project manager for HUD, directly oversaw 36 HUD properties and 16 MSHDA properties, and directly reported to the senior project manager whose position he applied for. (Doc. 18 at 8, 16; Ex. 2.) In addition, Plaintiff had earned an MBA degree, a certificate from the University of Maryland in Housing and Community Development, and attended the Institute of Real Estate and Management. (*Id.* at 16-17; Ex. 2.) Plaintiff contrasts the person selected for the senior project manager job, Mark Dominick, who was 28 years old, had a bachelor's degree, had worked two years for MSHDA and two years at HUD, but had never worked as a project manager. (*Id.* at 17.)

Plaintiff also cites his 2007 job performance review, where he was rated "outstanding" for "Strategic Goal re High Standards of Ethics" based on the fact that "[a]ll reviews needed for management plan goals were completed as scheduled[,] PASS and FASS findings were closed timely[,] [and] [a]ll Departmental goals were met." (*Id.*; Ex. 10.) Plaintiff also received highly successful ratings for customer service, technical advice, workload management, special projects, and data systems. Plaintiff did not receive any ratings of "marginally successful" or "unacceptable." (*Id.*) Plaintiff also offers various statements made at the EEOC hearing, which was held on February 28, 2008. Ms. Jacqueline Fultz stated in response to question from Plaintiff, "I think you're very thorough, you're very knowledgeable, you're very helpful, and you conduct

yourself very professionally." (Doc. 18, Ex. 1 at 4.) When Plaintiff asked Ms. Fultz whether she thought he was fair, a dedicated employee, and a hard worker, Ms. Fultz responded in the affirmative. (*Id.*) When asked whether Plaintiff caused any problems in the office, Ms. Fultz responded, "not that I'm aware of," and when asked whether she thought Plaintiff was argumentative, Ms. Fultz responded, "no." (*Id.*) When asked how he interacts with other employees, Ms. Fultz responded:

> I think you interact well with other employees. I think you're very helpful. I've known on many occasions when somebody's behind in their work, you try to pitch in and help them, and I know like last year you tried to schedule some reviews for somebody that was behind, and you asked me to assist them. And then you're always asking to help other people, and you keep your workload under control.

(*Id.*)

As to Plaintiff's allegation that Defendant employed a "shifting rationale" for its decision not to promote Plaintiff, Plaintiff offers Ms. Patricia Russie's response to the EEOC complaint, which cited Mr. Dominick's skills but did not point to any deficiencies in Plaintiff's skills, past performance, or qualifications. (Doc. 18 at 19; Ex. 6.) Plaintiff then cites Ms. Russie's affidavit, completed three months later, which indicated that Plaintiff was "argumentative[,]" "did not follow supervisor's directives" and was removed from the Kearsley Manor project because of complaints by the housing manager. (*Id.*)

Plaintiff further contends that the Kearsley Manor project could not have been as significant as Defendant makes it appear because Plaintiff continued to work for Defendant and receive glowing employment reviews from 2004 through 2007. (*Id*. at 20-24; Exs. 10, 11.) Plaintiff also notes that even though he was removed from the Kearsley Manor project after he found many

7

problems and deficiencies with the project, Ms. Russie conceded that Plaintiff's assessment was not wrong. Ms. Russie stated:

> Yes, I never said you weren't correct. You're usually correct, but we have to pick our battles, and you can't go through 100 items and tell someone they were 50 cents over. That's all. I never said you weren't correct. You're very good at that.

(*Id.* at 23; Ex. 1 at 15.) Plaintiff also notes that Ms. Russie herself found the Kearsley Manor management's response to one item of Plaintiff's assessment to be "unacceptable[,]" i.e. that "drafty windows (especially since this is an elderly project) are not a problem and in fact is a positive health item." (*Id.*; Ex. 19 at 3.)

Plaintiff also argues that another older employee, Camilla Calloway, was given "similar nonspecific reasons for not receiving a promotion." (Doc. 18 at 24.) Plaintiff notes that Ms. Calloway was told that she was not "timely," "not proactive[,]" did not show "innovation," and did not show "the right initiative." (*Id.* at 24; Ex. 20 at 2.)

Finally, Plaintiff offers evidence that neither Ms. Fultz nor Mr. Gambill believed Plaintiff was argumentative and that Mr. Gambill testified at the EEOC hearing that his "gut feeling" was that Plaintiff was discriminated against because of his age since he did "not believe someone with two years experience can be more valuable to the Agency in that position than you with your ten years of experience." (*Id.* at 25-26; Ex. 1 at 54.)

I suggest that Plaintiff has provided sufficient evidence to create a genuine issue of material fact as to whether Defendant's proffered reasons were pretextual. Although "a plaintiff's subjective views of his qualifications in relation to other [employees], without more, fails to establish discrimination," *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 269 (6th Cir. 2010), I suggest that Plaintiff has here proffered objective reasons why he is significantly more

qualified than Mr. Dominick, i.e., his additional years of experience and work as a project manager.

I further suggest that Plaintiff has proffered evidence which could be interpreted by a reasonable jury as showing that Defendant's proffered reasons were an after-the-fact justification, i.e., that they had no basis in fact, did not actually motivate Defendant's challenged conduct, and were insufficient to warrant the failure to promote. Plaintiff's only criticized conduct occurred in 2004 during the Kearsley Manor project; yet, in that year and the years following, Plaintiff received outstanding job performance reviews. Plaintiff's attention to detail was apparently appreciated before the decision to promote was made or at least was not cause of dissatisfaction with Plaintiff's performance before that time.

Accordingly, I suggest that this evidence, in addition to all the evidence proffered by Plaintiff above, is sufficient to create a genuine issue of material fact as to pretext. *See Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 591 (6th Cir. 2002) (where employer showed no contemporaneous evidence that any failures of the plaintiff caused them concern and where complaints about plaintiff's performance came after the employer fired him, these "shifting justifications" were sufficient evidence of pretext); *Branson v. Harrah's Tunica Corp.*, 832 F. Supp. 2d 929, 937-38 (W.D. Tenn. 2011) (finding sufficient evidence of pretext where the plaintiff was terminated after ten years of employment because he violated the employer's computer policy by forwarding an e-mail received at work to his home computer where there was also evidence that it was not an uncommon practice and where several individuals, including the plaintiff, had been replaced by younger individuals); *Brooks v. Davey Tree Expert Co.*, 478 F. App'x 934, 945 (6th Cir. 2012) (where the plaintiff contended that a safe practice violation notice was altered after it

9

was issued and where the plaintiff would not sign a modified statement for the employer because he did not believe it to be accurate, a reasonable jury could find that the fact that plaintiff failed to conduct a job briefing at the work-site was an after-the-fact rationalization that was pretextual).

I note that since Plaintiff's evidence does not include ageist remarks, a jury may find that the evidence shows a pretext to discriminate against detail-oriented sticklers rather than a pretext to discriminate based on age; however, the lack of ageist remarks in and of itself does not undo Plaintiff's showing of pretext sufficient to proceed to a factfinder. *See Hale v. ABF Freight System, Inc.*, No. 11-6440, 2012 WL 5259156, at *12 (6th Cir. Oct. 25, 2012) (trial court improperly granted summary judgment and found that absence of ageist remarks, absence of general hostility to older workers, and job-related rather than age-related criticism established that termination decision was not based on age where the plaintiff showed terminating supervisor engaged in similar conduct as that cited for the plaintiff's termination).

### D.     Conclusion

For all the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be denied.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the

objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ Charles E Binder
CHARLES E. BINDER
Dated: November 15, 2012            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: November 15, 2012            By    s/Patricia T. Morris
                                   Law Clerk to Magistrate Judge Binder

11